UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CHRISTIAN A. HANCOTTE,
and other similarly-situated individuals,

      Plaintiff,

v.

JOE COLE PLUMBING, CORP.
and JOSEPH L. COLE JR., individually

      Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CHRISTIAN A. HANCOTTE and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants JOE COLE PLUMBING, CORP. and JOSEPH L. COLE JR. individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff CHRISTIAN A. HANCOTTE is resident of Broward County. Plaintiff performed their work in Broward County, Florida within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant JOE COLE PLUMBING, CORP. (hereinafter JOE COLE PLUMBING, or Defendant is a Florida corporation, having its main place of business at Davie, Broward

County, Florida. Defendant performed business in Broward County, were Plaintiff worked. At all times material, Defendant was and is engaged in interstate commerce.

4. Individual Defendant JOSEPH L. COLE JR. was and is now, the owner/partner/president and operated Defendant Corporation JOE COLE PLUMBING. Defendant JOSEPH L. COLE JR. is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

<u>GENERAL ALLEGATIONS</u>

5. Defendant JOE COLE PLUMBING is a construction contractor providing plumbing installation, repairs, maintenance, and related services to residential and commercial accounts. Defendants maintain place of business at 10392 W State Road 84, # 108, Davie, FL 33324.

6. The employer JOE COLE PLUMBING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce, Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

7. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working on facilities which provided services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

8. Defendant JOE COLE PLUMBING and JOSEPH L. COLE JR. employed Plaintiff CHRISTIAN A. HANCOTTE, as a non-exempt, full time, hourly employee from June 01, 2017 to May 04, 2018, or 48 weeks.

9. Plaintiff was hired as plumber and he was paid at the rate of $21.00 an hour. Plaintiff' overtime rate was $31.50 an hour.

10. Plaintiff CHRISTIAN A. HANCOTTE worked for Defendants form approximately June 01, 2017 to May 04, 2018, or 48 weeks.

11. During his time of employment Plaintiff worked 5 days per week from Monday to Friday. Plaintiff drove a Company van, and he reported every day at 7:00 AM to JOE COLE PLUMBING's warehouse in Davie, Broward County, where he performed preliminary activities such as unloading and loading equipment and materials.

12. Plaintiff received his work orders, and then he drove to worksites located at South Miami. Plaintiff spent a minimum of 0.5 hours loading the Company's vehicle and 1.5 hours traveling from Davie in Broward, to Miami-Dade County. These work activities represented 2 daily hours, or 10 weekly hours of compensable time.

13. Plaintiff finished his work around 6:00 and 7:00 PM and he went straight to his house located in Broward County, which means that he worked around 57 or 60 hours per week. Plaintiff was unable to take bona-fide lunch periods.

14. At the beginning of his employment, or for approximately 8 weeks, Plaintiff was paid for all his working hours, including preliminary activities and travel time which constituted overtime hours, at the correct rate of time and a half his regular rate, or $31.50 an hour.

15. Nevertheless, after approximately 8 weeks, Defendants did not pay Plaintiff for the preliminary activities and the travel time to Miami anymore. Defendants failed to pay Plaintiff 10 hours of compensable time for approximately 40 weeks.

16. Plaintiff did not clock-in and out, but he signed a time-sheet for some time, not for all his period of employment. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid weekly with checks accompanied by paystubs that did not show the real number of hours worked.  Defendant just ignored and did not paid Plaintiff for 10 compensable hours which constituted additional overtime hours.

19. On or about May 04, 2018, Plaintiff resigned from his position since he was not being compensated for all his overtime hours correctly.

20. Plaintiff CHRISTIAN A. HANCOTTE seeks to recover 10 hours of unpaid overtime hours, accumulated during all his time of employment, liquidated damages, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;**

22. Plaintiff CHRISTIAN A. HANCOTTE re-adopts every pertinent and factual allegation, regarding to him, as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff CHRISTIAN A. HANCOTTE and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The employer JOE COLE PLUMBING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce, Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from

throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by remodeling hotel facilities and other facilities which provided services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

26. Defendant JOE COLE PLUMBING and JOSEPH L. COLE JR. employed Plaintiff CHRISTIAN A. HANCOTTE, as a non-exempt, full time, hourly employee from June 01, 2017 to May 04, 2018, or 48 weeks.

27. Plaintiff was hired as plumber and he was paid at the rate of $21.00 an hour. Plaintiff' overtime rate should be $31.50 an hour.

28. During his time of employment Plaintiff worked 5 days per week from Monday to Friday. Plaintiff drove a Company van, and he reported every day at 7:00 AM to JOE COLE PLUMBING's warehouse in Davie, Broward County, where he performed preliminary activities such as unloading and loading equipment and materials.

29. Plaintiff received his work orders, and then he drove to worksites located at South Miami. Plaintiff spent a minimum of 0.5 hours loading the Company's vehicle and 1.5 hours traveling from Davie in Broward, to Miami-Dade County.

30. Plaintiff finished his work around 6:00 and 7:00 PM and he went straight to his house located in Broward County, which means that he worked around 57 or 60 hours per week. Plaintiff was unable to take bona-fide lunch periods.

31. At the beginning of his employment, or for approximately 8 weeks, Plaintiff was paid for all his working hours, including preliminary activities and travel time which constituted overtime hours, at the correct rate of time and a half his regular rate, or $31.50 an hour.

32. However, after approximately 8 weeks, Defendants did not pay Plaintiff for the preliminary activities and the travel time to Miami anymore. Defendants failed to pay Plaintiff for 10 hours of preliminary activities and travel time which constituted overtime hours for approximately 40 weeks.

33. Plaintiff did not clock-in and out, but he signed a time-sheet for some time, not for all his period of employment, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid weekly with checks accompanied by paystubs that did not show the real number of hours worked.

36. On or about May 04, 2018, Plaintiff resigned from his position since he was not being compensated for all his overtime hours correctly.

37. The records, if any, concerning the number of hours worked by Plaintiff CHRISTIAN A. HANCOTTE, and all other similarly-situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon

information and belief, Defendants did not maintain accurate and complete time records of

hours worked by Plaintiff and other employees in the asserted class.

38. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of

the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate

    a.   <u>Total amount of alleged unpaid wages</u>:

        Twelve Thousand Six Hundred Dollars and 00/100 ($12,600.00)

    b.   <u>Calculation of such wages</u>:

        Total Period of employment:  48 weeks
        Relevant weeks of employment: 40 weeks
        Total number of unpaid O/T hours: 10 O/T hours weekly
        Regular rate: $21.00 x 1.5 = $31.50
        O/T rate; $31.50

        $31.50 O/T rate x 10 O/T hrs.= $315.00 weekly x 40 weeks = $12,600.00

    c.   <u>Nature of wages (e.g. overtime or straight time)</u>:

        This amount represents the unpaid overtime compensation.

40. At all times, the Employers/Defendants JOE COLE PLUMBING and JOSEPH L. COLE

JR. failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-

situated performed services and worked in excess of the maximum hours provided by the

Act but no provision was made by the Defendants to properly pay him at the rate of time

and one half for all hours worked in excess of forty hours (40) per workweek, as provided

in said Act.

41. The additional persons who may become Plaintiff in this action are weekly-paid employees

and/or former employees of Defendants who are and who were subject to the unlawful

payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

42. Defendants JOE COLE PLUMBING and JOSEPH L. COLE JR. knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

43. At the time mentioned, individual Defendant JOSEPH L. COLE JR. was and is now, the owner/partner/president and operated JOE COLE PLUMBING Defendant JOSEPH L. COLE JR. is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of JOE COLE PLUMBING in relation to its employees, including Plaintiff and others similarly situated.  Defendant JOSEPH L. COLE JR. had financial and operational control of the business, he determined terms and working conditions of Plaintiff and all other similarly situated employees and he is jointly and severally liable for Plaintiff' damages.

44. Defendants JOE COLE PLUMBING and JOSEPH L. COLE JR. willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant JOE COLE PLUMBING as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CHRISTIAN A. HANCOTTE and those similarly-situated respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff CHRISTIAN A. HANCOTTE and other similarly-situated individuals, and against the Defendants JOE COLE PLUMBING and JOSEPH L. COLE JR. based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CHRISTIAN A. HANCOTTE and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: May 2, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*